| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | DATE FILED: June 30, 2022 1:46 PM<br>FILING ID: C9CB3999DF605<br>CASE NUMBER: 2022CV31838 |
| **Plaintiff:**<br>**ROBERT KLEIN**<br><br>**v.**<br><br>**Defendant:**<br>**OLD DOMINION FREIGHT LINE, INC.** | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff:*<br>Eric B. Ballou, #40163<br>THE FRICKEY LAW FIRM, P.C.<br>940 Wadsworth Boulevard, Suite 400<br>Lakewood, Colorado 80214<br>Telephone:   303.237.7373<br>Fax Number: 303.233.7313<br>E-mail:      eballou@frickey.com | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Robert Klein, by and through counsel, Eric B. Ballou of THE FRICKEY LAW FIRM, P.C., hereby submits the following *Complaint and Jury Demand* against the above-named Defendant:

## JURISDICTION AND VENUE

1. Plaintiff Robert Klein ("Plaintiff") is a resident of the State of Nebraska.

2. Upon information and belief, Defendant Old Dominion Freight Line, Inc. ("Defendant" or "Old Dominion") is a foreign corporation organized and existing under the laws of the State of Virginia and conducting business in the State of Colorado. The registered agent for Old Dominion is CT Corporation System located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Old Dominion's principle office street address is 500 Old Dominion Way, Thomasville, North Carolina.

1

3. Upon information and belief, Defendant committed a tort in the State of Colorado and may be found in Denver County conducting business, providing this Court with personal and subject matter jurisdiction over Defendant.

4. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because Defendant may be found in Denver County, State of Colorado, and Denver County is the county designated in this Complaint and Jury Demand.

## GENERAL ALLEGATIONS

5. This matter arises from the negligence of Old Dominion, by and through Old Dominion's truck driver, causing heavy electrical equipment to fall on Plaintiff from an elevated position causing serious bodily injury ("the Incident").

6. The Incident giving rise to this action and the cause of Plaintiff's injuries occurred on October 20, 2020.

7. Plaintiff's injuries occurred while Plaintiff was assisting his supervisor, Ryan Stimac, with receiving a delivery of multiple electrical cabinets delivered by Old Dominion at a project site located at 2517 E. 13th Street, Pueblo, Colorado 81001.

8. Upon arrival, Old Dominion's truck driver informed Plaintiff and others that he had other deliveries and could not take too long.

9. Mr. Stimac explained to Old Dominion's truck driver that unloading electrical equipment must be done carefully and cautiously because of the weight of the equipment, which may exceed 1000 pounds.

10. The relevant electrical equipment was loaded onto pallets prior to delivery and was on pallets during transit.

11. Upon information and belief, Defendant Old Dominion loaded the heavy equipment onto the pallets.

12. Upon information and belief, one or more of the pallets were broken or damaged during transit.

13. Upon information and belief, Defendant Old Dominion, by and through its agents, servants, workman, employees, and/or independent contractors, was at all relevant times responsible for the transportation and the safe delivery of the heavy electrical equipment and was responsible for inspecting, maintaining, controlling, and supervising the loading, sealing, and securing of the heavy electrical equipment for transit and delivery.

14. By the time Plaintiff and Mr. Stimac arrived at the Old Dominion semi-truck to receive delivery, the Old Dominion driver had already unloaded one piece of the electrical equipment.

15. Upon information and belief, the Old Dominion driver unloaded one piece of electrical equipment using a pallet jack and the lift gate; that one piece of electrical equipment was off the lift gate and on the ground when Mr. Stimac and Plaintiff arrived at the Old Dominion truck.

16. At all relevant times, Mr. Stimac operated a forklift with a pallet fork attachment.

17. Mr. Stimac drove his forklift over to the rear of the Old Dominion semi-truck to position himself to move the electrical equipment that was unloaded off the truck by the Old Dominion driver.

18. Plaintiff began wrapping a ratchet strap around the electrical equipment to secure the load to the forklift and keep it from tipping.

19. Plaintiff hooked the strap to the left side of the equipment, walked around the load, then connected the ratchet-side of the strap to the right side of the equipment.

20. The electrical equipment was top-heavy, which was clearly stated on the boxes as a warning.

21. While Plaintiff was in the process of determining where to strap the heavy top portion of the electrical cabinet to the forklift to prevent it from tipping, the Old Dominions truck driver yelled that "it was not working."

22. The Old Dominion truck driver then, unbeknownst to Plaintiff or Mr. Stimac, started moving another piece of electrical equipment inside the Old Dominion semi-truck trailer.

23. Upon information and belief, the Old Dominion truck driver was using a pallet jack to move this other piece of equipment.

24. Upon information and belief, the Old Dominion truck driver was trying to rush the delivery of electrical equipment by having the next piece of electrical equipment on the edge of the truck's life gate even though Plaintiff and Mr. Stimac had not cleared the area.

25. At that point, the unsecured piece of electrical equipment being moved by the Old Dominion truck driver fell off the truck's lift gate onto Plaintiff while he was working to secure the previously unloaded piece of electrical equipment to the forklift.

26. As a direct and proximate cause of Defendant Old Dominion's negligence, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, Plaintiff sustained bodily injuries including, but not limited to: fractured left femur; fractured right humerus; fractured multiple ribs; fractured ninth thoracic

vertebra; lung contusion; traumatic hemopneumothorax; acute posthemorrhagic anemia; plantar fascial fibromatosis; and neuromuscular weakness, all of which required medical treatment.

27. Plaintiff was neither negligent nor contributed to his injuries.

28. Plaintiff has not failed to mitigate his injuries, harms, or losses.

29. Plaintiff was lawfully on the premises of the project site in a manner that was prudent, reasonable, and safe.

30. Defendant Old Dominion, at all relevant times, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, disregarded the risks of injury to Plaintiff, Mr. Stimac, and others and negligently, carelessly, and recklessly caused the caused the heavy equipment to fall on Plaintiff from the Old Dominion lift gate, causing Plaintiff's serious and permanent injuries, harms, and losses.

31. Defendant Old Dominion, at all relevant times, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, negligently, carelessly, and recklessly disregarded the safety of Plaintiff.

32. Defendant Old Dominion is derivatively and vicariously liable for the negligent and careless conduct of its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein pursuant to the principles of agency, vicarious liability, and/or respondeat superior.

33. Defendant Old Dominion, at all relevant times, systematically and regularly conducts business in the State of Colorado pursuant to the laws of the State of Colorado.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE AGAINST DEFENDANT OLD DOMINION**

34. Plaintiff incorporates the foregoing paragraphs herein.

35. Defendant Old Dominion, at all relevant times, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, owed a duty to exercise reasonable care.

36. Defendant Old Dominion, at all relevant times, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, owed a duty to conduct

4

itself in a reasonable and safe manner that did not pose an unreasonable risk of danger to persons, including Plaintiff.

37. Defendant Old Dominion, at all relevant times, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, breached its duties herein to Plaintiff.

38. As a direct and proximate cause of Defendant Old Dominion's negligence, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, Plaintiff has suffered injuries, harms, and losses including, but not limited to: physical and emotional injuries; physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; mental and emotional distress; and other economic, non-economic, physical impairment, and disfigurement injuries, damages, and losses, all in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**LANDOWNER LIABILITY AGAINST DEFENDANT OLD DOMINION**
**PURSUANT TO THE COLORADO PREMISES LIABILITY ACT**
**(PLED IN THE ALTERNATIVE)**

39. Plaintiff incorporates the foregoing paragraphs herein.

40. To the extent that Defendant Old Dominion contends that it was a landowner of the Premises at the time of Plaintiff's injuries and as defined by the CPLA, then Plaintiff asserts a Colorado Premises Liability Act claim against Defendant.

41. At all relevant times, the provisions of C.R.S. § 13-21-115 were in effect.

42. At the time of Plaintiff's injuries, Plaintiff was an "invitee" as defined by C.R.S. § 13-21-115.

43. As the time of Plaintiff's injuries, Defendant Old Dominion was a "landowner" of the Premises as defined by C.R.S. § 13-21-115.

44. Under the CPLA, an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

45. Defendant Old Dominion, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, was legally responsible for the condition of the heavy equipment on the Premises and for the activities conducted or circumstances existing described at the time of Plaintiff's injuries, and they, or their agents and/or employees, failed to exercise reasonable care and/or failed to warn to protect Plaintiff from the dangerous condition on the Premises.

46. Defendant, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, breached its duty by, among other things, failing to exercise reasonable care and/or failing to warn to prevent Plaintiff from being injured or otherwise guarding against the danger that the heavy equipment represented on the Premises.

47. Defendant, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, failed to take any precautions to protect anyone, including Plaintiff, from the dangerous condition on the Premises.

48. Defendants by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, failed to exercise reasonable care of the Premises and failed to warn invitees of the dangerous condition of the Premises, including Plaintiff; therefore, Defendant is liable to Plaintiff for the damages caused by the fall.

49. As a direct and proximate cause of Defendant's actions and/or omissions, by and through its agents, servants, workman, employees, and/or independent contractors including, but not limited to, the Old Dominion truck driver referenced herein, Plaintiff has suffered injuries, harms, and losses including, but not limited to: physical and emotional injuries; permanent physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; loss of quality of life; past and future lost earnings; past and future mental and emotional distress; and other economic, non-economic, physical impairment, and disfigurement injuries, damages, and losses, all in amounts to be proven at trial.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Old Dominion and prays for an award of damages including:

1. For all of Plaintiff's economic, non-economic, physical impairment, and disfigurement injuries, harms, and losses in an amount to be proven at trial;

2. For all costs and attorney's fees as allowed to the extent permitted by law;

3. For all interest, including all pre-judgment interest and post-judgment interest, to the extent permitted by law; and

4. For all such other and further relief as this Court may deem just and proper.

Dated:  June 30, 2022

Respectfully submitted,

THE FRICKEY LAW FIRM, P.C.

*s/ Eric B. Ballou*
Eric B. Ballou, #40163
Attorney for Plaintiff

*Pursuant to C.R.C.P. 121 § 1-26(7), a printed copy of this document with original signature(s) is maintained by THE FRICKEY LAW FIRM, P.C., and will be made available for inspection by other parties or the Court upon request.*

<u>Plaintiff's Address</u>
Robert Klein
1727 Garfield Street
Lincoln, NE 68502